# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0479, <u>James White v. Stanley Kowalczyk & a.</u>, the court on May 12, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Defendant Stanley Kowalczyk appeals an order of the Circuit Court (<u>Coughlin</u>, J.) granting a writ of possession and judgment in an eviction action brought by James White, the landlord's husband.[1] Kowalczyk argues that: (1) White did not have standing to bring the eviction, <u>see</u> RSA 540:12 (2007); (2) the demand for rent exceeded the amount of rent in arrears, <u>see</u> RSA 540:8 (2007); and (3) the trial court did not make sufficient findings.

We review the trial court's application of the law to the facts <u>de</u> <u>novo</u>. <u>Mahmoud v. Town of Thornton</u>, 169 N.H. 387, 389 (2016). We will uphold the trial court's factual findings unless the evidence does not support them or they are erroneous as a matter of law. <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 66 (2012). We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. <u>Id</u>. at 66-67. As the fact finder, the trial court was entitled to accept or reject, in whole or in part, the testimony of any witness or party, and was not required to believe even uncontested evidence. <u>Id</u>. at 67.

We first address whether White had standing to bring the writ. RSA 540:12 provides that an "owner, lessor, or purchaser at a mortgage foreclosure sale" may recover possession from a tenant. In this case, White testified, and the defendants did not contest, that his wife owned the leased property and that he was authorized to act on her behalf. <u>Cf.</u> <u>Liam Hooksett, LLC v. Boynton</u>, 157 N.H. 625, 628 (2008) (stating agent did not testify that principal owned property). The trial court asked the defendants if they had any issue with White appearing on behalf of his wife. Kowalczyk responded that he had no objection, noting that he dealt with White regarding "most of the problems . . . anyways." Accordingly, the trial court proceeded with the hearing and noted on its order that the tenants "did not object to James White acting as an agent of the owner of the property and wife." <u>See</u> <u>Dist. Div. R.</u> 1.3(D) (governing non-attorney representation); <u>see also</u> <u>Dist Div. R.</u> 1.1 (granting trial court discretion to waive strict application of any rule for good cause and as justice may require).

---

[1] The other defendant, Brenda Russell, did not participate in the appeal.

On appeal, Kowalczyk does not contend that someone other than White's wife owned the property. Cf. Liam Hooksett, 157 N.H. at 627 (stating tenant challenged agent's principal's ownership). Instead, he argues that the trial court lacked jurisdiction because the wife was not named as the plaintiff on the landlord-tenant writ. However, had the defendants objected, White could have amended the writ as a matter of course. See Dist. Div. R. 3.8(B); cf. State v. Goodale, 144 N.H. 224, 227 (1999) (discussing invited error doctrine).

Indeed, by asking whether Kowalczyk objected to White appearing on behalf of his wife, and by expressly noting in its judgment that White was acting only "as agent of the owner," the trial court implicitly allowed White to amend the pleadings by substituting his wife as the plaintiff, and we construe the judgment as having been granted to the wife and not to White personally. See Fischer v. Superintendent, Strafford Cty. House of Corr., 163 N.H. 515, 519 (2012) (stating interpretation of trial court order is question of law, which we review de novo). Under these circumstances, we reject Kowalczyk's argument that White lacked standing.

We next address whether the demand for rent exceeded "the whole rent in arrears when demand [was] made." RSA 540:8. Although Kowalczyk has not supplied the demand that was served upon the defendants, the record includes an affidavit of damages, which states that the defendants failed to pay $175 in rent due on December 1, 2015, and $1,075 in rent due on July 1, 2016. Kowalczyk testified that in August 2015 the landlord raised the rent by $175, from $900 to $1,075 per month, and that "we had no problem with that." He further testified that the landlord also increased the security deposit by $175. He stated that he was "wondering" if the $175 demanded represented the increased security deposit and that "as far as [he was] concerned, it's for the security deposit." He did not testify that the defendants had paid the December rent in full. We note that Kowalczyk does not challenge the landlord's right to increase the security deposit. White testified that the amount demanded was all back rent.

We rely upon the trial court to resolve conflicts in evidence. Malborn Realty Trust, 164 N.H. at 66-67. Accordingly, we conclude that the trial court's implicit finding that the demand did not exceed the rent in arrears was supported by the record and not legally erroneous. See id. at 66.

Finally, we address whether the trial court erred by not making sufficient findings. Kowalczyk argues that the trial court did not provide "specific findings of fact that would allow [us] to review whether the Final Order was supported by the evidence." Specifically, he contends that the trial court did not consider his defense that he "had the funds [to pay the rent], but was holding them back solely because of the condition of the apartment."

2

The trial court found that "[t]he Defendants did not establish a defense to non-payment of rent." We assume that the trial court made all finding necessary to support its decision. Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004). Furthermore, although Kowalczyk complained about repairs to the bathroom and circuit breakers being shut off, he does not point to where in the record the defendants established that they withheld rent in response to these issues. See Malborn Realty Trust, 164 N.H. at 69 (stating appellant has burden to demonstrate that issues on appeal were raised before trial court).

The record does not reflect that the tenants requested specific findings or raised any perceived lack thereof by moving for reconsideration. See N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). Accordingly, we conclude that the trial court did not err by not making additional findings. See Nordic Inn, 151 N.H. at 586.

Affirmed.

Dalianis, C.J., and Hicks and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**